JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANNAMARIA M. PATTERSON

**(b)** County of Residence of First Listed Plaintiff  NASSAU
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Ste 500, Garden City, NY 11530
(516) 203-7600

### DEFENDANTS
15  3845
MONARCH RECOVERY MANAGEMENT, INC.

County of Residence of First Listed Defendant  PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- O 1 U.S. Government Plaintiff
- O 2 U.S. Government Defendant
- ● 3 Federal Question (U.S. Government Not a Party)
- O 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | O 1 | O 1 | Incorporated or Principal Place of Business In This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business In Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| O 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | O 625 Drug Related Seizure of Property 21 USC 881 | O 422 Appeal 28 USC 158 | O 375 False Claims Act |
| O 120 Marine | O 310 Airplane | O 365 Personal Injury - Product Liability | O 690 Other | O 423 Withdrawal 28 USC 157 | O 400 State Reapportionment |
| O 130 Miller Act | O 315 Airplane Product Liability | O 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | O 410 Antitrust |
| O 140 Negotiable Instrument | O 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | O 430 Banks and Banking |
| O 150 Recovery of Overpayment & Enforcement of Judgment | O 330 Federal Employers' Liability | | | O 820 Copyrights | O 450 Commerce |
| O 151 Medicare Act | O 340 Marine | O 368 Asbestos Personal Injury Product Liability | | O 830 Patent | O 460 Deportation |
| O 152 Recovery of Defaulted Student Loans (Excludes Veterans) | O 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | O 840 Trademark | O 470 Racketeer Influenced and Corrupt Organizations |
| O 153 Recovery of Overpayment of Veteran's Benefits | O 350 Motor Vehicle | O 370 Other Fraud | O 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ● 480 Consumer Credit |
| O 160 Stockholders' Suits | O 355 Motor Vehicle Product Liability | O 371 Truth in Lending | O 720 Labor/Management Relations | O 861 HIA (1395ff) | O 490 Cable/Sat TV |
| O 190 Other Contract | O 360 Other Personal Injury | O 380 Other Personal Property Damage | O 740 Railway Labor Act | O 862 Black Lung (923) | O 850 Securities/Commodities/ Exchange |
| O 195 Contract Product Liability | O 362 Personal Injury - Medical Malpractice | O 385 Property Damage Product Liability | O 751 Family and Medical Leave Act | O 863 DIWC/DIWW (405(g)) | O 890 Other Statutory Actions |
| O 196 Franchise | | | O 790 Other Labor Litigation | O 864 SSID Title XVI | O 891 Agricultural Acts |
| | | | O 791 Employee Retirement Income Security Act | O 865 RSI (405(g)) | O 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | O 895 Freedom of Information Act |
| O 210 Land Condemnation | O 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | O 896 Arbitration |
| O 220 Foreclosure | O 441 Voting | O 463 Alien Detainee | | O 870 Taxes (U.S. Plaintiff or Defendant) | O 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| O 230 Rent Lease & Ejectment | O 442 Employment | O 510 Motions to Vacate Sentence | | O 871 IRS—Third Party 26 USC 7609 | O 950 Constitutionality of State Statutes |
| O 240 Torts to Land | O 443 Housing/ Accommodations | O 530 General | | | |
| O 245 Tort Product Liability | O 445 Amer. w/Disabilities - Employment | O 535 Death Penalty | **IMMIGRATION** | | |
| O 290 All Other Real Property | O 446 Amer. w/Disabilities - Other | **Other:** | O 462 Naturalization Application | | |
| | O 448 Education | O 540 Mandamus & Other | O 465 Other Immigration Actions | | |
| | | O 550 Civil Rights | | | |
| | | O 555 Prison Condition | | | |
| | | O 560 Civil Detainee Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ● 1 Original Proceeding
- O 2 Removed from State Court
- O 3 Remanded from Appellate Court
- O 4 Reinstated or Reopened
- O 5 Transferred from Another District *(specify)*
- O 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 USC §1692

Brief description of cause: Fair Debt Collection Practices Act Violation

## VII. REQUESTED IN COMPLAINT:

O CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $1000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ● Yes O No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE: July 2, 2015

SIGNATURE OF ATTORNEY OF RECORD

JUL 10 2015

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __66 Sunset Ave. FARMINGDALE, New York 11735__

Address of Defendant: __10965 Decatur Road, PHILADELPHIA, Pennsylvania 19154__

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

15  3845

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐  No ☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
2. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) __FDCPA 15 U.S.C. 1692__

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __July 2, 2015__   _____   __314730__
                         Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

JUL 10 2015

DATE: __July 2, 2015__   _____   __314730__
                         Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Annamaria M. Patterson | : CIVIL ACTION |
| v. | : NO. 15 3845 |
| Monarch Recovery Management, Inc. | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| July 2, 2015 | | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (516) 203-7600 | (516) 282-7878 | mpirillo@sanderslawpllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 10 2015





**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109367



### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNAMARIA M. PATTERSON, <br><br> Plaintiff, <br><br> vs. <br><br> MONARCH RECOVERY MANAGEMENT, INC., <br><br> Defendant. | Docket No: 15 3845 <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

ANNAMARIA M. PATTERSON (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against MONARCH RECOVERY MANAGEMENT, INC. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367

3. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Pennsylvania.



1

4. Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

5. At all relevant times, Defendant conducted business within the State of Pennsylvania.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in Philadelphia, Pennsylvania.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

15. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692f
### Disclosure of Plaintiff's Account Number

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

19. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

20. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

21. 15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See, Douglass v. Convergent Outsourcing,* 765 F.3d 299 (3rd Cir 2014).

22. 15 U.S.C. § 1692f(8) prohibits a debt collector's disclosure of the debtor's account number on the envelope. *Id.*

23. 15 U.S.C. § 1692f(8) prohibits a debt collector's disclosure of the debtor's account number by making such visible through any glassine window of the envelope. *Id.*

24. Defendant assigned Plaintiff account number XXXX8155.

25. Defendant disclosed Plaintiff's account number in its mailing to Plaintiff by placing such on the envelope, or making such visible through the glassine window of the envelope.

26. Defendant has violated § 1692f by disclosing Plaintiff's account number in its mailing to Plaintiff.

## SECOND COUNT
### Violation of New York General Business Law § 349

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

29. Defendant's conduct as described herein shows a lack of exercise of reasonable

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

care in Defendant's collection of the alleged debt.

30. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

31. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

32. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

33. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

34. Plaintiff is a reasonable consumer.

35. Defendant's conduct would mislead a reasonable consumer.

36. Defendant engaged in a material deceptive act or practice as described herein.

37. Defendant's conduct caused plaintiff to suffer injury.

38. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

39. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's actual damages; and

d. Damages against Defendant pursuant to NYGBL § 349; and

e. Plaintiff's costs; together with

f. Such other relief that the Court determines is just and proper.

DATED: July 2, 2015

                                       **BARSHAY SANDERS, PLLC**

                                       By: _____
                                       Melissa A. Pirillo
                                       BARSHAY SANDERS, PLLC
                                       100 Garden City Plaza, Suite 500
                                       Garden City, New York 11530
                                       Tel: (516) 203-7600
                                       Fax: (516) 706-5055
                                       *ConsumerRights@BarshaySanders.com*
                                       *Attorneys for Plaintiff*
                                       Our File No.: 109367

# EXHIBIT 1

# MONARCH
### Recovery Management, Inc.

10965 Decatur Road
Philadelphia PA 19154-3210
RETURN SERVICE REQUESTED

| Account #: | ************6722 |
|---|---|
| Monarch File #: | ▇8155 |
| Total Balance as of 22 OCT 2014: | $1615.96 |

October 22, 2014

▇8155-▇▇▇▇▇▇▇▇▇▇▇▇
ANNAMARIA MARI PATTERSON
66 Sunset Ave
Farmingdale NY 11735-5359

Make Check Payable to: Citibank

MONARCH RECOVERY MANAGEMENT, INC.
P.O. BOX 16119
PHILADELPHIA PA 19114-0589

Pay Online: ACH accepted https://mrm.webview.com

\* Detach and Return Top Portion to Expedite Your Account \*

## ACCOUNT INFORMATION

| Date of letter: | October 22, 2014 | Creditor: | CITIBANK, N.A. |
|---|---|---|---|
| Account #: | ************6722 | | |
| Monarch File #: | ▇8155 | Additional Information: | THE HOME DEPOT |
| Total Balance as of 22 OCT 2014: $1615.96 | | | |

We are sending you this letter in an attempt to clear this account. Our client will accept the below settlement amount to satisfy this account. This settlement offer will expire on **December 21, 2014**. If you are able to take advantage of this offer, upon receipt and clearance of these funds, your account will be marked as settled and you will be relieved of any further responsibility pertaining to this account.

**\*\*\*\* SETTLEMENT AMOUNT $727.18     YOU SAVE $888.78 \*\*\*\***

If, at this time, you are unable to take advantage of the offer, please contact our office to discuss payment options.

Whenever $600.00 or more in principal of a debt is discharged as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt discharged to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor.

This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. If you pay us by check or check by phone, your transaction will be converted to an ACH. When you provide a check as payment, you authorize us, either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. Additionally, the check writer authorizes Monarch or its agent to re-present the check electronically if the check is returned for insufficient or uncollected funds.

If you have a complaint about the way we are collecting this debt, please write to our Compliance Center at 10965 Decatur Road, Philadelphia, PA 19154, email us at compliance@monarchrm.com, or call us toll-free at 1-800-220-0605 ext. 2261, between 9:00 A.M. Eastern Time and 5:00 P.M. Eastern Time Monday-Friday.

Yours truly,
**MATT FITHIAN DEBT COLLECTOR EXT 2730**
TOLL FREE 800-220-0605

New York City Department of Consumer Affairs License #1345051 and #1345050.

392CZMORM01_S45CIT

---

Monarch Recovery Management, Inc. • 10965 Decatur Road • Philadelphia, PA 19154
1(800) 220-0605 or 1(215) 281-7500 • Hours: M-TH 8am – 11pm, F 8am – 5pm